GREENBERG, Circuit Judge,
dissenting.
I respectfully dissent. As the majority indicates, this appeal involves a challenge to Pa. Stat. Ann. tit. 25, §§ 2936(e) and 2911(e)(5) (1994) “as applied in this case to prevent the [Patriot] Party from nominating [Michael] Eshenbaugh” as a candidate for school director in the North Allegheny School District. Majority at 256. Eshen-baugh cross-filed for the office in both the Democratic and Republican primaries. He won the first but lost the second. Thus, at the time that the Patriot Party as a minor party attempted to nominate Eshenbaugh as its candidate, he already was the Democratic candidate. Everyone agrees that the nomination was thus unlawful under Pennsylvania law as written.
The majority invalidates the statutory bars to Eshenbaugh’s nomination on First and Fourteenth Amendment grounds. It finds that the statutes “severely burden the Patriot Party’s First and Fourteenth Amendment rights of free association.” Majority at 264. It also finds that the statutes “facially dis-criminatef] between major and minor parties” in violation of the Equal Protection Clause of the Fourteenth Amendment, because they preclude a minor party from participating in the cross-nomination of a candidate while allowing major parties to do so. Majority at 267.
The majority does not suggest that these First and Fourteenth Amendment problems require the invalidation of the statutes at issue without further analysis. Quite to the contrary, it balances the minor party’s constitutional rights with the state’s interests in precluding the cross-party candidacy in question here. It then finds that the state’s interests do not justify the restrictions, and it thus “hold[s] that the challenged Pennsylvania election laws, as applied in this case, constitute an unconstitutional burden on the Patriot Party’s First and Fourteenth Amendment rights to free association and equal protection.” Majority at 270.
I believe that the methodology used by the majority in its well-drafted and thoughtful *271 opinion is correct. I dissent, however, because I believe that, as applied in this case, the statutes serve a compelling state interest. While the majority expresses concern that the Patriot Party’s rights be protected, it acknowledges that it must consider countervailing interests. Under the Pennsylvania scheme, a voter in a primary election in which cross-filing is permitted, will know whether a candidate has cross-filed or at least that information will be available to the voter. Thus, the voters in the primary knew or could have known that Eshenbaugh was seeking both the Democratic and Republican nominations. That information could be very important to a particular voter, as many voters are partisan advocates of one or the other major political parties and only will vote for candidates from that party. Of course, voters have every right to that partisan approach. A voter in a primary may refuse to vote for a candidate who has cross-filed with another major party, choosing instead to vote for a “pure” Democrat or Republican.
To the partisan political voter, it might come as a shock to discover that he or she voted for a closet advocate of a minor political party. In short, while some people see merit in fusion tickets, others may be put off by them. I, of course, express no opinion on this political point. I, however, do express the opinion that the state has a compelling interest in ensuring that voters in primary elections not be deceived in the electoral process. In this case, a voter in the primary election in May 1993 for school director knew or could have known that Eshenbaugh was seeking to run as a Democrat and as a Republican and the voter could take or leave Eshenbaugh on that basis. If the statutes at issue in this case had been invalidated before the primary, what the voter could not also have known was that a vote for Eshenbaugh also would be a vote for the candidate of the Patriot Party. The majority sees merit in “increas[ing] the amount of information available to voters,” majority at 266, and so do I. The problem with the majority’s approach is that it deprives the voter of the crucial information of knowing the identity of the political parties with which a candidate has an affinity-
The point I raise should not be shrugged off. Today we have single-issue political parties. A Democrat or Republican voter might be opposed completely to the ideology of a minor party but yet discover after the primary that his or her vote has contributed to the fortunes of the minor party by nominating its candidate to run as a Democrat or Republican as well. The Pennsylvania statutes preclude such stealth situations. The majority demonstrates its concern that a minor party be able to “build its political organization.” Majority at 266, 260. What it overlooks is that a partisan major party voter may not want his or her vote used to help the minor party in that effort.
I recognize that it reasonably could be argued that Pennsylvania could avoid the problem I identity by requiring minor parties to select their candidates prior to the primary election. Of course, such a condition would restrict the minor party’s flexibility and would have problems of its own. In any event, the possibility that a minor party could designate its candidate before the major party primary election does not affect my analysis. Rather, I take this case as it has been presented by the parties to this appeal and on the basis on which the majority decides it, which is whether the Pennsylvania statutes are unconstitutional “as applied in this case.” Thus, I do not address the possibility that the Pennsylvania statutes might be unconstitutional if applied in a situation in which the minor party files its nominating papers before the primary for, even if they would be unconstitutional in that circumstance, they validly can be applied here. See Commonwealth v. The First School, 471 Pa. 471, 370 A.2d 702, 705-07 (1977). Here the Patriot Party nominated Eshenbaugh after the primary, and he accepted its nomination at that time, and both the district court and the majority adjudicated the case on that basis and so do I.
I make one final point. I infer from the majority opinion that it believes that the result it reaches is dependent upon the circumstance that Pennsylvania permits major party cross-filing in school director elections. Certainly my inference is correct at least with respect to the majority’s equal protection holding, as the majority identifies the disparate treatment of a minor as opposed to a major party in the statutory scheme that *272 permits candidates to cross-file in major party primaries but not to file as both a major and minor party candidate.
Nevertheless, I do not see how the application of the free association rights the majority identifies can be cabined to elections in which the state permits some cross-filing. To the contrary, it seems logical to me that the majority’s approach inevitably leads to the conclusion that Pennsylvania (and the other jurisdictions in this circuit) must permit cross-filing in all elections, so that following any primary election for any office, a minor party may nominate any willing major party candidate to be the minor party’s candidate in that election. After all, why are the associational rights of the minor parties in any way dependent on the circumstance that a candidate could cross-file in the Democratic and Republican primaries?
For the foregoing reasons I respectfully dissent. In my view, the Pennsylvania statutes as applied in this case are constitutional. Furthermore, I believe that the majority opinion carries implications which could bring about fundamental changes in the election processes in Pennsylvania and the other jurisdictions in this circuit by judicial decision. We ought not to lay the foundation for such a development. If such changes are to come, let the legislatures bring them about.
Before: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS and McKEE, Circuit Judges.